UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SAMER M. TOBEH | CIVIL ACTION NO. 09-0419 |
| VERSUS | JUDGE MELANÇON |
| BROWN WATER MARINE SERVICE, INC. AND BROWN WATER CREW BOAT, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are defendants Brown Water Crew Boat, Inc. and Brown Water Marine Service, Inc.'s (collectively, "defendants") Motion to Transfer Venue and Memorandum in Support thereof [Rec. Doc. 17], and plaintiff Samer M. Tobeh's Memorandum in Opposition to defendants' Motion [Rec. Doc. 21]. For the reasons that follow, defendants' Motion [Rec. Doc. 17] will be **DENIED.**

### I. BACKGROUND

The *M/V BROWN BAYOU* is a crew boat owned and operated by defendants. According to the Complaint for Damages [Rec. Doc. 1], plaintiff was employed as a service technician by Newpark Drilling Fluids, Inc. assigned to work aboard an inland drilling barge, owned and operated by Hercules Offshore, Inc., known as the *Hercules Barge 57*. The Complaint alleges that on or about September 28, 2008, plaintiff was making a transfer from *Hercules Barge 57* to the *M/V BROWN BAYOU* in the course of his employment, and was injured after he stepped on a rope on the *M/V BROWN BAYOU*'s deck.

On March 13, 2009, plaintiff, a Louisiana resident, initiated this action in the Lafayette-Opelousas Division of the Western District of Louisiana against defendants, Texas corporations with principal places of business in Rockport, Texas. The complaint alleged that plaintiff's injuries, which included ankle injuries and psychological damage, were caused by defendants' negligence.

Defendants have filed a Motion to Transfer Venue to the Corpus Christi Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Defendants allege that the accident has no significant relation to plaintiff's chosen venue, the Western District of Louisiana, and that plaintiff's chosen venue is unnecessarily inconvenient. Plaintiff opposes this motion.

## II. DISCUSSION

### A. Standard for Change of Venue under 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This language is permissive rather than mandatory, and, accordingly, the court has broad discretion in deciding whether to order a transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) [hereinafter *In re Volkswagen II*]. Before a court may exercise this discretion, however, it must resolve the threshold issue of whether the plaintiff's action could properly have been brought in the destination venue. *Id*. at 312.

If the motion survives this threshold determination, the movant then bears the burden of demonstrating that a transfer of venue is warranted. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); and *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The movant must "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen II*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)). When the destination venue "is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. A court should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the non-moving party." *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (quoting *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F.Supp.2d 766, 776 (S.D. Tex. 2005)).

Determining convenience involves a consideration of certain enumerated private and public interest factors. *In Re Volkswagen II*, 545 F.3d at 315. The relevant private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) [hereinafter *In re Volkswagen I*]). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the

case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. No single factor is given dispositive weight.

### B. Appropriateness of Venue in the Transferee Forum

The plaintiff is asserting an admiralty claim, invoking the jurisdiction of this Court under 28 U.S.C. § 1333. Venue is proper in such cases in any court that can exercise personal jurisdiction over the defendants; that is, "the general venue provision with respect to actions in admiralty is coextensive with personal jurisdiction." *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981). A district court can exercise personal jurisdiction over any defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 45(k)(1)(A). It is undisputed that both defendants are corporations with their principal places of business in Rockport, Texas, and thus subject to the general jurisdiction of Texas courts. Therefore, venue would be proper in the Southern District of Texas.

### C. Application of the Private Interest Factors

*1. Relative Ease of Access to Sources of Proof*

Defendants maintain that all of the relevant sources of proof are located in the Southern District of Texas. But plaintiff maintains, and defendant does not dispute, that many of plaintiff's potential witnesses, and most of the records, relating to plaintiff's medical treatment for injuries from the accident, are located in the Western District of Louisiana.

4

Defendants point to the Fifth Circuit's finding in *In re Volkswagen II* that this factor weighed in favor of transfer where "[a]ll of the documents and physical evidence relating to the accident" were located in the destination venue. 545 F.3d at 316. Defendants mistakenly apply this proposition, however, in claiming that the medical evidence in this case is not "evidence relating to the accident," and that the location of treating physicians and medical records is thus "of limited significance." *Memorandum in Support of Defendants' Motion to Transfer Venue* [Rec. Doc. 17], pg. 8 (hereinafter "*Defendants' Motion*"). The *In re Volkswagen II* court did not purport to make any distinction between evidence relating to the details of the accident itself and evidence relating to the accident's ramifications and aftermath. There is no indication that subsequent medical evidence is not to be treated as evidence relating to an accident.[1]

Defendants note that the *In re Volkswagen II* court found that all evidence "relating to the accident" was located in the destination venue even though the case likely involved "documentation from product liability expert witnesses outside the transferee district." *Defendants' Motion*, pg. 8. But that proposition, too, is mistakenly applied to this case. There is a clear distinction between

---

[1] Defendants make a similar mistake in conflating the phrase "documents and physical evidence relating to the accident" with the phrase "acts or omissions giving rise to the claim," as used in the general venue statute. *Defendants' Motion*, pg. 8 n.5 (quoting 28 U.S.C. § 1391(a)(2)). While the latter is limited to the details of the accident itself, there is no indication that the former should not be read to include the accident's effects.

5

records of treatment for injuries suffered in an accident, on one hand, and evidence obtained by hired experts brought in from afar, on the other. The fact that the latter is not considered evidence "relating to the accident" does not preclude the common-sense conclusion that the former should be.

As such, in evaluating the relative ease of access to sources of proof, the Court considers both the evidence relating to the details of the accident, which is located in Texas, and the medical evidence relating to the effects of the accident, which is located predominantly in Louisiana. Thus, under the facts and circumstances of this case, this factor is neutral.

2. *Availability of Compulsory Process to Secure the Attendance of Witnesses*

This factor turns on essentially the same question as first factor. Here again, defendants suggest that only "witnesses to the accident" are to be considered, whereas plaintiff includes witnesses with direct knowledge of the effects of the accident—such as treating physicians. And similarly, there is no suggestion in *In re Volkswagen II*, defendants' principal case, that a court is to exclude the latter class of witness in making a determination on this factor. The court will not disregard such witnesses, and finds that some of the potential witnesses to be considered are located in the Southern District of Texas (specifically, Houston, Rockport and Corpus Christi) and some are located in the Western District of Louisiana (specifically, Lafayette).

A potential witness can quash a subpoena when the witness would be required to travel more than 100 miles and to another state. Fed. R. Civ. Pro.

6

45(c)(3)(A)(ii).  As such, neither this Court nor the proposed transferee court could compel the attendance of all potential witnesses; Houston, Rockport and Corpus Christi are all more than 100 miles from this Court, and Lafayette is more than 100 miles from the proposed transferee court in Corpus Christi.  Therefore, under the facts and circumstances of this case, this factor is neutral.

   3. *Cost of Attendance for Willing Witnesses*

This factor, too, turns on the question of which witnesses are to be considered.  Defendants again suggest, relying on *In re Volkswagen II*, that treating physicians are not to be considered, but they again mistakenly conflate those who administer treatment for injuries suffered in the accident at issue with hired experts brought in later from afar.  Thus, over defendants' objections, the Court will consider both witnesses who directly saw the accident and witnesses with direct knowledge of the aftermath and ramifications of the accident.  Under this frame of reference, there are potential witnesses situated in both the Southern District of Texas and the Western District of Louisiana.

Although the Court cannot determine with precision the cost of attending trial for each side's witnesses, it is axiomatic that, depending on where the trial takes place, one side's witnesses will inevitably have a higher cost of attendance than the other's. Therefore, under the facts and circumstances of this case, this factor is neutral.

*4. Other Practical Problems that Make the Case's Trial Easy, Expeditious, and Inexpensive*

Defendants point to the possibility of witness travel delays, but again operate under the mistaken premise that plaintiff's medical witnesses, most of whom are located in Louisiana, should not be considered. But as witnesses from both states should be considered, the possibility of inconvenient travel delays will exist no matter whether the case is tried in this Court or in the Southern District of Texas. Therefore, this factor is neutral as well.

### D. Application of the Public Interest Factors

*1. Administrative Difficulties Caused by Court Congestion*

There is no indication in the record, and neither party suggests, that any administrative difficulties may result from court congestion in either the Western District of Louisiana or the Southern District of Texas. This factor, then, is neutral.

*2. Local Interest in Adjudicating Local Disputes at Home*

This factor is to be determined by looking at the "relevant factual connection" between each forum and the suit. *In re Volkswagen II*, 545 F.3d at 318. That connection should be particular to that forum, rather than one that "could apply virtually to any judicial district or division in the United States." *Id.* Beyond that, however, there is no specific delineation of which types of factual connection are relevant and which types are not. The *In re Volkswagen II* court mentioned a list of potential relevant connections, in which it included plaintiffs' places of residence. *Id.* at 317-18.

In this case, the accident occurred in the Southern District of Texas. But the plaintiff resides, and received medical treatment for injuries related to the accident, in Lafayette, Louisiana. There is no reason why these connections between the case and the Western District of Louisiana should be disregarded, nor is there any support for defendants' bald assertion that they are outweighed by the fact of the place of the accident. Therefore, under the facts and circumstances of this case, this factor is neutral.

*3. Familiarity of the forum with the law that will govern the case*

The parties agree that this action involves admiralty law, with which both this court and the proposed transferee court are familiar. Nothing has been presented to show that Texas law issues will arise, and even if Texas law were to become pertinent, there is no reason to believe that this Court would have difficulty interpreting it. Therefore, under the facts and circumstances of this case, this factor is neutral.

*4. Avoidance of Unnecessary Problems in Conflict of Laws*

By the same token, as this case is to be governed by admiralty law, there is no reason to believe that problematic conflicts of law will occur. Therefore, this factor is neutral as well.

### III. CONCLUSION

As each of the eight private and public interest factors is neutral, the Court finds that defendants have not sustained their burden of showing that the Southern District of Texas is *clearly* a more convenient forum than the Western

9

District of Louisiana. As such, the Court will exercise its discretion based on the entirety of the record before the Court and will **DENY** the defendants' motion that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).